Lantie Underwood, Appellee, v. W..V. Deahl and Ethel Deahl, Appellants.

Gen. No. 8,453.

Opinion filed November 4, 1931.

H. J. BUXBAUM, for appellants.

A. C. and BEN F. ANDERSON, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a decree rendered in conformity to a creditor's bill filed by the appellee, Lantie Underwood, against the appellants W. V. Deahl and Ethel Deahl. On a previous appeal this cause was reversed and remanded because of the failure to make L. V. Cole, who held a first mortgage lien upon the real property involved, a party to the proceeding, which was brought to subject the premises involved to the lien of a judgment recovered by the appellee against the appellant W. V. Deahl and others in the circuit court of Clark county. Upon the reinstatement of the cause in the court below, the bill was amended and Cole was made a party defendant; and he afterwards came into court and filed an answer; setting forth the rights and the interest he had in the premises in question; and claiming a prior lien to the alleged lien of the appellee. The decree finds that Cole's lien is prior; and this is conceded by all the parties, and that the findings of the decree in that respect are correct. An amendment to the bill of complaint to make Cole a party defendant was first made and allowed by the circuit judge in vacation, and a summons was issued thereupon returnable to the succeeding term of the court. Upon the coming in of court at the following term, on motion of the solicitor for the appellee, an amendment was again made and allowed by the court to the bill of complaint, for the purpose of making Cole a defendant to the bill. Solicitors for the appellant thereafter made a motion and raised the question on the validity of a vacation order for the issuance of the summons on the ground no notice had been given them of the application to amend the bill to make new parties. The court denied the motion and the ruling of the court in that respect is assigned as error. It is sufficient to say concerning this alleged error, that the order for the summons concerned only defendant Cole, who did not in any way question the order, but entered his appearance by filing an answer and there-

by submitting himself to the jurisdiction of the court for the adjudication of his rights and interests in the subject matter of the suit. Any errors there may have been in this feature of the case were thereby waived by him; and the motion of the appellants to strike the motion of the appellee to amend the bill was properly denied by the court.

Appellants also made a motion to stay the proceedings in the court below until the appellee paid the costs incurred in this court on the previous appeal, which the court denied; also made a motion to compel the appellee to give a cost bond which was denied by the court. Error is assigned on the action of the court in denying the motions. It is obvious that the errors assigned have no bearing upon the merits of the controversy, nor upon the substantial question involved in this appeal; and it is not necessary for the purposes of this opinion to discuss them.

The only substantial question presented for review is the legal propriety of the decree setting aside an alleged fraudulent conveyance of the real property which is the subject of this litigation, and described in the bill of complaint; the conveyance in question having been made by W. V. Deahl to his wife Ethel Deahl, which the appellee seeks to set aside in order to subject the premises involved to an execution and to sale in satisfaction of her judgment in whole or in part.

The material facts alleged in appellee's bill are that she recovered the judgment referred to for $2,073.37, in the circuit court of Clark county, on the 25th of September, 1925, for a pre-existing indebtedness due her from the appellant W. V. Deahl. The recovery of this judgment is not denied; nor is it denied that this judgment was opened at the instance of the parties defendant including the defendant Deahl; and that the court preserved the lien of the judgment until the merits of the defense were de-

termined and that after the controversy arising from the defense pleaded, the judgment was sustained as originally entered on the 10th day of November, 1926.

The bill of complaint alleges that afterwards, while the judgment was in full force and effect and unsatisfied, an alias execution was duly issued to the sheriff of Clark county and was levied by the sheriff upon the real property in question. It is further alleged in the bill, that prior to the recovery of appellee's judgment, but after the indebtedness for which it was rendered had accrued, that the appellant W. V. Deahl was the owner of the property in question, and that he made a pretended conveyance of the property to his wife Ethel Deahl, and that this conveyance was made with the intention to defraud the appellee and other creditors of the appellant W. V. Deahl; that the appellant Ethel Deahl paid no consideration for said conveyance; and that the same was made to prevent a levy and sale of the property in question to satisfy appellee's judgment.

The bill of complaint also alleges that the appellant W. V. Deahl at the time of the conveyance of the real property referred to, also conveyed to his wife all of his personal property, including all his stock of merchandise; and everything which was included in a restaurant which he was then operating in the City of Martinsville, as well as his household goods and chattels. The bill also alleges that appellant W. V. Deahl is a man of no pecuniary responsibility and was possessed of little or no property other than the property conveyed to his wife; and that he is involved in debt.

In their joint answer under oath to the allegations of the appellee's bill of complaint, the appellants admit the recovery of appellee's judgment as averred in the bill; and that on December 20, 1926, at the time of the issuance of the alias execution to the sheriff, the judgment was in full force and effect and unsat-

isfied; and admit that the appellant was the owner in fee simple of the real property in question previous to the rendition of appellee's judgment. Appellants also admit in their answer that the appellant W. V. Deahl had become "a man of no pecuniary responsibilities and possessed of little or no property," but deny, "that he is in embarrassed circumstances and involved and largely in debt because of any fraudulent conveyance." They also admit in the answer that W. V. Deahl "on said 15th day of September, 1925, being the day that defendant W. V. Deahl conveyed the above described real estate to his wife, Ethel Deahl, the said W. V. Deahl by a bill of sale consigned and transferred to his wife Ethel all the stock of merchandise and everything including the restaurant which he was operating or conducting in the City of Martinsville, Illinois, including his household goods." But they deny that these conveyances of practically all of the real and personal property owned and possessed by the appellant W. V. Deahl were fraudulent or made to hinder or delay creditors in the collection of their claims against the appellant W. V. Deahl; but aver that they were made "in consideration of the sum of $1,400 received from said Ethel Deahl by the said W. V. Deahl." The answer does not explain why the deed of conveyance recites the consideration for the conveyance to be the nominal sum of one dollar, if a valuable consideration as stated in the answer really passed between the parties.

The only controverted question of fact in the case and arising upon the hearing before the circuit court was whether or not the conveyance of his real and personal property to his wife under the circumstances shown by the pleadings and the evidence should be regarded as fraudulent. We are of opinion that upon consideration of the averments in the bill, the admissions in the answer and the circumstances surrounding the transactions between the parties to the convey-

ances, as shown by the evidence in the case, the court was warranted in its findings that the conveyance of the real estate was fraudulent and that the appellee was entitled to have the same subjected to lien of her judgment and execution; and to a sale for the satisfaction of her judgment in whole or in part as provided by the decree. The decree is therefore affirmed.

*Decree affirmed.*